## Forberger v. Forberger

*F. J. Leahey,* for plaintiff.

GRIFFITH, P. J., April 12, 1967.—The complaint in this case was filed August 19, 1966. On September 19th, the sheriff returned "Not Found". On the 24th of October, plaintiff's attorney filed a copy of his letter dated September 1st enclosing a copy of the complaint and addressed to defendant in Cleveland, Ohio. To this letter is attached an affidavit dated September 1st and

a "Receipt for Registered Article", which is also dated September 1st. However, no return receipt is included showing when defendant received the copy of the complaint contained in the letter sent by plaintiff's attorney. Pennsylvania Rule of Civil Procedure 1124 (3) (b) provides that a complaint in divorce may be served outside the Commonwealth by: "[S]ending the defendant a copy by registered mail. Service by mail is not valid if the return receipt is not signed by him personally".

In accordance with the requirement of the rule relating to service of a divorce complaint outside the Commonwealth, it must be clearly established that the mailed copy reached defendant: Hartzell v. Hartzell, 82 D. & C. 104. In this case, the return receipt was apparently not received; at least, it was not attached to the master's report. Moreover, if the return receipt is not signed by defendant for any reason, service has not been effected under this rule and, when signed, proof of such signing must be presented to the master. If not, the matter will be referred back to the master: Peters v. Peters, 12 D. & C. 2d 373. At the hearing before the master, testimony must be offered that the signature on the return receipt is that of defendant: Mickley v. Mickley, 6 Adams 26. Such service of the complaint must be had within 30 days after the complaint was filed or the service is invalid: O'Shall v. O'Shall, 22 D. & C. 2d 158, 23 Cambria 31.

It must also be noted that the master failed to take the affidavit that he would perform his duties with zeal and fidelity.

Attention is called to the fact that the complaint does not set forth the citizenship of defendant. This must include an averment that defendant is a citizen of a specific State as well as an averment that he is a United States citizen: Cooper v. Cooper, 27 D. & C. 2d 556.

We, therefore, enter the following

DECREE

And now, April 12, 1967, the within matter is referred back to the master for further proceedings in accordance with this opinion.